[No. 1268.]

## JAMES A. LEETE, Respondent, v. D. SUTHERLAND, Appellant.

New Trial on Grounds of Irregularity and Surprise—Motion for, Must be Upon Affidavits—Presumptions.—An appeal from an order of the district court granting a new trial on the grounds of surprise and irregularity in the proceedings will not be reviewed in the appellate court when the record does not contain the affidavits used in support of the motion. In the absence of an affirmative showing to the contrary it will be presumed that affidavits were used and that the ruling of the court was correct.

Appeal from the District Court of the Second Judicial District, Ormsby county.

The facts appear in the opinion and briefs of counsel.

*H. F. Bartine,* for Respondent.

On motion to dismiss appeal, on the ground that no record has been filed which entitles appellant to be heard upon the merits.

I. The papers contained in the so-called transcript are not properly authenticated, and should be disregarded. They are not "certified copies." The statute clearly contemplates that each paper shall be duly certified. (Gen. Stat. 3362.)

II. But if one general certificate is in any case to be held good, this one is plainly insufficient because it fails to specify the papers contained in the transcript.

III. The sole duty of the clerk is to furnish the appellant with certified copies of papers on file in his office, and to certify that they are correct. (*People* v. *Bartlett,* 40 Cal. 142; *Fee* v. *Starr,* 13 Cal. 170; *State* v. *Stanley,* 4 Nev. 74.)

Within the scope of his duty the certificate of the clerk is conclusive. (*Baker* v. *Snyder*, 58 Cal. 617; *State* v. *McGinnis*, 5 Nev. 337.) But outside of that duty it is a mere gratuity. (1 Green. Ev. Sec. 498; *State* v. *Baker*, 8 Nev. 145.)

Furthermore, this part of the certificate is an attempt by the clerk to pass upon the legal sufficiency of papers. Those are questions which this court has the exclusive jurisdiction to determine. (*Buckman* v. *Whitney*, 28 Cal. 555.)

IV. The purported minutes of the court should be striken out. They are neither embodied in a statement, nor identified by the certificate of the judge. (Gen. Stat. 3219; *Dawley* v. *Hovious*, 23 Cal. 103; *Harper* v. *Minor*, 27 Cal. 107; *More* v. *Del Valle*, 28 Cal. 174; *Abbott* v. *Douglass*, 28 Cal. 299; *Mendocino Co.* v. *Morris*, 32 Cal. 145; *People* v. *Empire M. Co.*, 33 Cal. 171; *Bunn* v. *Valley Lumber Co.*, 63 Wis. 630; *Irwin* v. *Samson*, 10 Nev. 282.)

V. The appeal should be dismissed, because the transcript does not contain a copy of the order appealed from. (Gen. Stat. 3362; *Hart* v. *Plum*, 14 Cal. 148; *Wakeman* v. *Coleman*, 28 Cal. 58; *Wetherbee* v. *Carroll*, 33 Cal. 549; *Bacas* v. *Smith*, 33 La. Ann. 139; *Maritche* v. *Board of Liquidation*, Id. 588; *Hoover* v. *York*, Id. 652.)

*Trenmor Coffin,* for Appellant:

There is no authenticated statement on motion for a new trial, on behalf of respondent.

There is nothing in the record that can be reviewed or looked into except the judgment roll. (*Klein* v. *Allenbach*, 6 Nev. 162; *McCausland* v. *Lamb*, 7 Nev. 240; *Frevert* v. *Henry*, 14 Nev. 191.)

The judgment roll being in every respect regular and perfect, the order of the district court modifying and setting aside the decree entered in the case should be reversed.

By the Court, BELKNAP, J.:

This is an appeal from an order granting a new trial. Application for the order was made to the district court upon the ground of irregularity upon the part of the adverse party, and in the proceedings of the court, and surprise which ordinary prudence could not have guarded against.

Motions for new trials for these causes must be supported by affidavits. The record does not contain the affidavits used in

support of the motion. We are, therefore, unable to review the ruling of the district court. In the absence of an affirmative showing to the contrary, the presumption is, that affidavits were used in support of the motion, and that the ruling was correct.

The order of the district court is affirmed.